**FILED**

**DEC - 8 2008**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tommy Lee Stevens, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **08 2124** |
| ) | |
| United States Senate Committee on the ) | |
| Judiciary *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed *in forma pauperis* and a *pro se* complaint for mandamus under 28 U.S.C. § 1361. The application to proceed *in forma pauperis* will be granted. Because it is clear on initial review that the complaint does not state a claim upon which mandamus relief may be granted, the action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(*ii*).

The complaint alleges that plaintiff has "been implanted with an electronic chip or similar device," (Compl. at 1), and that the Raleigh, North Carolina branch of the U.S. Department of Health and Human Services is likely responsible for the implantation, (*id.* at 2). Through this implanted device, others are able to monitor the plaintiff's activities, read and interpret his thoughts, send signals to his organs to control his bodily functions, and yell, curse, and threaten him every day. (*Id.*, Ex. (Pl.'s Letter to the Senate Judiciary Comm., at 1, Aug. 13, 2008).) He fears for his life. (*Id.* at 3.) The complaint notes that other attempts to file legal claims regarding this issue have been dismissed as "fanciful, fantastic, and delusional." (*Id.* at 1.) Unable to obtain relief elsewhere, plaintiff seeks an order from this Court mandating the House and Senate Committees on the Judiciary to investigate his complaint. (*Id.* at 3.)

Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State,* 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted). Here, the complaint does not, and cannot, establish that the plaintiff has a clear right to the have the Senate and House committees open an investigation of his situation. The legislative committees do not have a clear duty to the plaintiff to undertake the investigation he seeks. In addition, any such investigation would not be "ministerial," but would involve the discretionary judgment of the committees. With respect to the third requirement, "[t]he common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). Here, it may well be that the plaintiff has exhausted all other avenues of relief, but that, alone, is not enough to obtain a writ of mandamus. Because the complaint does not state claim upon which mandamus relief may be granted, it will be dismissed. 28 U.S.C. § 1915A(b)(1). A separate order accompanies this memorandum opinion.

Date: 10/28/08

/s/ *[signature]*
United States District Judge

2